IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Bronwen M., | ) |
|     *Plaintiff*, | ) ) ) Case No. 3:22-cv-50153 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | ) ) ) |
|     *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bronwen M. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**BACKGROUND**

On May 30, 2019, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of May 1, 2018, because of fibromyalgia, irritable bowel syndrome, epilepsy, anxiety, depression, ulcerative colitis, panic attacks, major fatigue, weight loss, and chronic pain. R. 82-83.

A hearing was held before an administrative law judge (ALJ) on May 27, 2021. R. 40. The ALJ issued a written decision on June 29, 2021, finding that Plaintiff was not disabled under the applicable sections of the Social Security Act, and, thus, not entitled to benefits. R. 19-33. The ALJ found that Plaintiff had the following severe impairments: major depressive disorder, unspecified anxiety disorder, fibromyalgia, and cervicalgia. The ALJ determined that Plaintiff's

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.

impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b), except the claimant is occasionally able to stoop, crawl, crouch, kneel and climb stairs & ramps. She is unable to climb ladders, ropes and scaffolds. The claimant should avoid concentrated exposure to activities involving unprotected heights, moving & hazardous machinery, vibration, extreme temperatures and humidity. She is limited to doing simple & routine, unskilled jobs with one-to-three step instructions, with only routine changes. She is able to have occasional contact with the general public.

R. 26. The ALJ determined that Plaintiff was unable to perform any past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, namely light, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on February 11, 2022, R. 1, Plaintiff filed this instant action. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's

determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## DISCUSSION

Plaintiff argues that reversal or remand is warranted, because: (1) the ALJ erred at step 5 of the sequential process; (2) the ALJ failed to explain why she did not include a one- to two-step step task limitation in the RFC; (3) the RFC is not supported by substantial evidence; (4) the ALJ's subjective symptom analysis is flawed; and (5) the ALJ's opinion evaluation is flawed. As it relates to the ALJ's RFC determination, Plaintiff contends that the ALJ erroneously failed to address the opinions of two state agency psychologists that Plaintiff was limited to performing one- to two-step tasks. This Court agrees.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

In November 2019, state agency psychologist Russel Taylor, PhD, reviewed Plaintiff's records and evaluated her mental functional limitations. As relevant to this appeal, Dr. Taylor opined that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace and that she "retains the mental capacity to understand, remember and concentrate well enough to carry out one or two-step instructions for a normal work period." R. 89, 95–96. On reconsideration in October 2020, state agency psychologist Gayle Williamson, Psy.D., affirmed Dr. Taylor's findings. R. 113–114.

In analyzing Plaintiff's RFC, the ALJ evaluated Drs. Taylor and Williamson's opinions, acknowledging that they found Plaintiff moderately limited in concentrating, persisting, or maintaining pace and determined that she was only able to carry out one or two-step instructions. R. 29. The ALJ found these opinions "partially persuasive," noting that they were "partly supported by the DDS review and report of the medical evidence" and "partly consistent with the medical record." In her decision, the ALJ adopted Drs. Taylor and Williamson's conclusions that Plaintiff was moderately limited in concentrating, persisting, or maintaining pace. R. 25. However, instead of adopting Drs. Taylor and Williamson's limitation to "one or two-step instructions," the ALJ limited Plaintiff to "one-to-three step instructions." R. 26.

The Commissioner argues that the ALJ did not adopt the one- to two-step task limitation because she found that "the evidence, like observations showing normal attention, supported giving Drs. Taylor and Williamson's findings only partial weight," and maintains that the ALJ was permitted to discount inconsistent evidence. Def.'s Resp. at 11-12, Dkt. 20. The Court agrees that an ALJ is permitted to discount a medical opinion that is unsupported or inconsistent with other evidence in the record. *See* 20 C.F.R. § 404.1520c. Nevertheless, "an ALJ is required to provide a thorough and appropriate explanation for rejecting a state agency psychologist's opinion that a

4

claimant is limited to one-to-two step tasks." *Rita R. v. Kijakazi*, 21 C 5631, 2023 WL 2403139, at *3 (N.D. Ill. Mar. 8, 2023) (internal quotation marks and citation omitted); *Angelica R. v. Kijakazi*, 3:21-CV-50369, 2023 WL 1971647, at *3 (N.D. Ill. Jan. 6, 2023), *report and recommendation adopted*, 21 C 50369, 2023 WL 1970092 (N.D. Ill. Feb. 13, 2023) ("[T]he ALJ was required to articulate how he considered the [state agency psychologists' opinions that the plaintiff was limited to one- to two-step tasks] by addressing their supportability and consistency with other evidence in the record, even if he ultimately rejected their opined limitations."); *see also* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Here, the ALJ found Drs. Taylor and Williamson's opinions partially persuasive, and in doing so adopted their moderate limitation in concentrating, persisting, or maintaining pace but rejected their related one- to two-step task limitation without explanation. The ALJ makes no mention of her decision not to adopt the one- to two-step task limitation, let alone explain her reasoning for doing so. If the ALJ discounted Drs. Taylor and Williamson's one- to two-step task limitation because she found it unsupported by other evidence in the record, despite finding that the evidence supported moderate limitations in concentrating, persisting, or maintaining pace, the ALJ must explain why. Failing to do so was error.[2] *See Diaz v. Berryhill*, No. 16 C 11419, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) (remanding for a new RFC determination where the ALJ gave "some weight" to the state agency psychologists' opinions but did not explain why he

---

[2] This Court cannot say that the ALJ's decision to omit the one- to two-step limitation was harmless because each of the jobs cited by the ALJ had a Reasoning Development Level of 2 or higher. *See* R. 32; *see Kevin W. v. Kijakazi*, No. 20 C 6557, 2023 WL 35178, at *4-5 (N.D. Ill. Jan 4, 2023) (remanding where the ALJ's unsupported decision to omit the consultants' one- to two-step limitation was not harmless because each of the jobs cited by the ALJ has a Reasoning Level of 2 or higher and the Dictionary of Occupation Titles defines a Reasoning Level of 1 as the ability to "carry out simple *one- or two-step instructions*") (emphasis in original).

5

rejected their recommendation that the plaintiff be limited to 1-2 step tasks); *Ghada G. v. Kijakazi*, No. 19 C 6306, 2022 WL 580782, at *7 (N.D. Ill. Feb. 25, 2022) ("[I]t is generally alright when an ALJ draws her hypothetical/residual functional capacity finding directly from the opinions of the state agency reviewing doctors. But the ALJ didn't do that here. She rejected the limitation to 'simple 1-2 step tasks' and didn't explain why. That has to be addressed on remand as well.") (internal citations omitted).

Moreover, even if the ALJ clearly articulated why she discounted the one- to two-step task limitation, it is unclear why she instead imposed a one- to three-step task limitation. "[A]n ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey*, 2012 WL 366522, at *13. Here, the ALJ's only reference to the one- to three-step task limitation is in her ultimate RFC determination, and she makes no attempt to explain why the evidence supports such a limitation. R. 26.

The ALJ states only that her overall RFC determination "is supported by the claimant's medical records and severe impairments, and the opinions of DDS physicians" R. 30. However, as stated above, the portion of the RFC limiting Plaintiff to one- to three-step tasks is *not* supported by the state agency psychologists. The ALJ's lack of explanation for this specific limitation is especially problematic because Drs. Taylor and Williamson were the only medical sources to opine on a task limitation, and they found a more restrictive one- to two-step task limitation warranted based on Plaintiff's moderate limitations in this area of mental functioning. Without further explanation, or support from a medical source, it is unclear how the ALJ determined that Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace translated into an ability to perform one- to three-step tasks. *See Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) ("While a mild, or even a moderate, limitation in an area of mental functioning does not

*necessarily* prevent an individual from securing gainful employment, the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC.") (emphasis in original) (internal citation omitted). Therefore, the ALJ's RFC determination is not supported by substantial evidence.

Accordingly, a remand is warranted for proper consideration of the impact Plaintiff's moderate limitations in concentration, persistence, or maintaining pace have on her RFC. In remanding this case, the Court is not suggesting that the evidence requires a more restrictive RFC. Rather, on remand, the ALJ must explicitly analyze Drs. Taylor and Williamson's recommended one- to two-step task limitation and support her reasons for either adopting the one- to two-step task limitation or rejecting it and imposing a different limitation. *See Kevin W*, 2023 WL 35178, at *5 ("[T]his case must be remanded so that the ALJ can either adopt the consultants' one- to two-step limitation, or better explain his decision not to do so."). In light of this Court's remand for a new RFC determination, any remaining issues not addressed herein shall be considered on remand along with the above issues. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to the Court.

7

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion. The Court declines to order a finding of disability based on the record before it. It is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: September 29, 2023         By:   *Lisa A. J.*
                                       Lisa A. Jensen
                                       United States Magistrate Judge